IN THE CIRCUIT COURT,
SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY,
FLORIDA

CASE NO:   CA20-0385

ERIN MALLEY,

        Plaintiff,

vs.

TARGET CORPORATION,

        Defendant.

_____ /

## COMPLAINT

Plaintiff, **ERIN MALLEY**, sues Defendant, **TARGET CORPORATION**, and alleges:

1.      This is an action for damages that exceed Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.      At all times material hereto, Plaintiff was an individual residing in St. Augustine, St. Johns County, Florida.

3.      At all times material to this action, Defendant was a Foreign Profit Corporation authorized to do business and doing business in St. Augustine, St. Johns County, Florida.

4.      At all times material hereto, Defendant was the owner and in possession of that certain business known as Target, located at 1440 US Highway 1 South, St. Augustine, St. Johns County, Florida, said business being a general merchandise store, open to the general public, including the Plaintiff herein.

5.      On or about March 1, 2019, Plaintiff went to Defendant's premises located at the above address to shop.

6.      At that said time and place, Plaintiff was lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for her safety.

**COUNT I**
**PLAINTIFF'S CLAIM AGAINST DEFENDANT TARGET CORPORATION**

Plaintiff, **ERIN MALLEY**, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 6 and further states:

7.      At that said time and place Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a)   Negligently failing to maintain or adequately maintain safe conditions of the interior flooring of the premises, thus creating a slipping hazard to members of the public navigating the area of flooring nearby the customer restrooms, including the Plaintiff herein, thus creating an unreasonably dangerous condition for her;

b)   Negligently failing to inspect or adequately inspect the ground for liquid and debris, as specified above, to ascertain that the puddle of liquid constituted a slipping hazard to pedestrians navigating the interior flooring of the premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to her;

c)   Negligently failing to inspect or adequately warn the Plaintiff of the danger of the puddle of liquid with no markings, when Defendant knew, or through the exercise of reasonable care should have known, that said liquid was unreasonably dangerous and that Plaintiff was unaware of same; and

d)   Negligently failing to correct or adequately correct the unreasonably dangerous condition of the puddle of liquid on Defendant's premises, when said condition was either known to Defendant, or had existed for a sufficient length of time, such that Defendant should have known of same had Defendant exercised reasonable care.

8.      Defendant, **TARGET CORPORATION**, by and through its agents and/or employees, owed a non-delegable duty to persons, such as Plaintiff to:

a)   Not create a dangerous condition;

b)    Correct the dangerous condition of which the Defendant knew or should have known existed by the use of reasonable care;

c)   Protect Plaintiff from foreseeable risks;

d)   Use reasonable care in maintaining their premises;

e)   Warn of the existence of a dangerous condition that existed on the premises of which the Defendant had or should have had a greater knowledge than that of Plaintiff;

f)    Make reasonable inspections of the area which would have revealed the dangerous condition;

g)    Use reasonable care in maintaining the premises, specifically the floors, in a safe condition which includes not allowing liquids and/or debris to accumulate on the floor where people, such as the Plaintiff, could easily slip and fall;

h)    Use reasonable care in maintaining the premises, i.e., not allowing liquid to spill onto the slick floor, causing a slipping hazard;

i)    Place warning signs or cones surrounding a hazardous condition such as liquids on the floor;

j)    Have a non-skid floor or a non-slip surface on the floor to prevent people such as Plaintiff from falling;

k)    Ensure that the areas in and around the entrance and/or restroom where patrons walk have a non-slip flooring surface.

l)    Install carpeting instead of wood, tile or laminate floors where patrons walk;

m)   Place an adequate number of mats and/or runners on the floor where liquid accumulates so that a slipping hazard is not created;

n)    Not allow liquids to remain or accumulate in areas where patrons walk;

o)    Clean the floor on an intermittent basis to avoid such incidents from occurring;

p)    Properly inspect the floor where patrons walk to ensure that it is being mopped and kept clean and free of accumulated debris and/or liquid;

q)    Hire competent individuals to properly inspect the premises;

r)    Hire competent individuals to clean the floors;

s)    Properly supervise employees and/or agents in the proper cleaning of floors;

t)    Ensure proper policies and procedures are in place regarding the proper inspecting of floors;

u)    Ensure proper policies and procedures are in place regarding the proper cleaning of floors;

v)    Ensure that policies and procedures regarding the cleaning and inspection of floors are being complied with;

w)   Ensure that proper policies and procedures regarding the proper filling out of inspection and cleaning checklists are given to employees;

x)    Ensure that checklists regarding cleaning and inspections are properly filled out;

y)    Not dispose of or throw away filled out inspection checklists, cleaning checklists, and other evidence of cleanings and inspections, especially after an incident of personal injuries occurs in the premises;

9.      As a result, while Plaintiff was visiting Defendant's business, she slipped and fell due to a puddle of liquid, sustaining injuries as set forth in Paragraph Ten (10) below.

10.      As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.


**WHEREFORE**, Plaintiff, **ERIN MALLEY**, demands judgment for damages against Defendant, **TARGET CORPORATION**, and other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.



**RESPECTFULLY** submitted this 25th day of March 2020.


**MORGAN & MORGAN, P.A.**
/s/ Michael D. Marrese
Michael D. Marrese, Esquire
FBN: 0544299
Morgan & Morgan, P.A
2601 North Ponce de Leon Blvd.
St. Augustine, FL 32084
Email: Mmarrese@forthepeople.com
Telephone:    (904) 417-4170
Facsimile:    (904) 417-4171
Attorneys for Plaintiff